IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| KATRINA GIBSON, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 7:24-CV-103 (WLS) |
| STATE FARM FIRE & CASUALTY COMPANY, | : |
| Defendant. | : |

**ORDER**

On October 4, 2024, Defendant State Farm Fire and Casualty Company ("State Farm") filed a Notice of Removal (Doc. 1), removing this case from the Superior Court of Lowndes County, Georgia, to this Court. Therein, State Farm asserts that the Court has diversity jurisdiction over this matter, pursuant to 28 U.S.C. § 1332.[1] (Doc. 1 at ¶¶ 5, 11). On January 7, 2025, Plaintiff filed her First Amended Complaint (Doc. 17) seeking compensatory damages in the amount of $73,509.37. The Amended Complaint excludes Plaintiff's prior claim for bad faith failure to settle under O.C.G.A. § 33-4-6, as well as her demand for attorney's fees and costs. (Doc. 17 at ¶ 20).

Courts have a duty to "inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). "'If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded' to the state court from whence it came." *Id.* (citing 28 U.S.C. § 1447(c)).

---

[1] Section 1332(a)(1) provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"

1

On January 30, 2025, the Court therefore instructed the Parties to submit supplemental briefing regarding their respective positions on whether the requirements of diversity jurisdiction are satisfied in light of the amended pleadings. (Doc. 19). Plaintiff filed her supplemental brief (Doc. 20) on February 5, 2025, contending that, because the amount in controversy as alleged in the Amended Complaint does not exceed $75,000, the Court does not have jurisdiction over this matter. Defendant, in its supplemental brief (Doc. 21) filed on February 6, 2025, concedes that the Court does not have jurisdiction as the amount in controversy requirement is not satisfied. The Court agrees with the Parties that the requirements of federal diversity jurisdiction are not satisfied here.

Accordingly, the above-captioned action is **REMANDED** to the Superior Court of Lowndes County for lack of jurisdiction.

**SO ORDERED**, this 10th day of February 2025.

/s/ W. Louis Sands  
**W. LOUIS SANDS, SR. JUDGE**  
**UNITED STATES DISTRICT COURT**